UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY PLUMLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03168-SEB-TAB |
| | ) | |
| J. KIEFFER, | ) | |
| PRUDENCE SHELTON, | ) | |
| T. SHORT, | ) | |
| ADVANCE CORRECTIONAL HEALTHCARE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Mr. Kieffer and Mr. Short's Motion to Dismiss**

Terry Plumley crashed his vehicle in a parking garage in 2019. The crash resulted in a broken hand, severe facial injuries, and an arrest for operating a vehicle while intoxicated. The arresting officer, Patrolmen Josh Kieffer, initially booked Mr. Plumley into Shelby County Jail but later transported him to the hospital after Mr. Plumley complained of his injuries. Officer Kieffer was joined by Officer Adam Short at the hospital, and according to the allegations in Mr. Plumley's complaint, the two officers denied Mr. Plumley adequate medical treatment for his hand and facial injuries by limiting the medical staff's treatment options.

Officer Kieffer and Officer Short ("Defendants") now move to dismiss Mr. Plumley's complaint under Rule 12(b)(6) arguing Mr. Plumley's claims are time-barred. Mr. Plumley has not responded.  For the reasons below, Defendants' motion is **granted**.

**I. Legal Standard**

Rule 12(b)(6) authorizes district courts to dismiss claims that fail to state a claim upon which relief can be granted. Fed. Civ. P. 12(b)(6); *Kuebler v. Vectren Corporation*, 13 F.4th 631, 634 (7th Cir. 2021). To withstand dismissal under Rule 12(b)(6), the plaintiff must plausibly allege

1

the defendant is liable for misconduct. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021) ("For a pleading to survive, the plaintiff need allege only enough facts to state a claim to relief that is plausible on its face.") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[The] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). All that is required is a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Bilek v. Federal Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

Complaints usually do not need to anticipate or plead around affirmative defenses. *Craftwood II, Inc. v. Generac Power Systems, Inc.*, 920 F.3d 479, 482 (7th Cir. 2019); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[C]ourts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses.") (citation omitted); However, where the record unambiguously demonstrates everything necessary to satisfy the affirmative defense, dismissal may be appropriate. *Brownmark Films, LLC*, 682 F.3d at 690; *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006) (a party may plead itself out of court by alleging facts that establish an impenetrable defense to its claims). This is particularly apt when the affirmative defense is the statute of limitations. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("[T]he statute of limitations may be raised in a motion to dismiss if the allegations of the complaint set forth everything necessary to satisfy the affirmative defense.") (internal quotations and citation omitted).[1]

---

[1] Although the practical effect of ruling on an affirmative defense through a 12(b)(6) motion and a 12(c) motion are the same, *Brooks*, 578 F.3d at 579, the Seventh Circuit has explained the "appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a 12(b)(6) motion." *Gunn v. Continental Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Because Mr. Plumley has not responded and his complaint sets forth all the necessary elements of the defense, the court rules on Defendants' 12(b)(6) motion.

*Pro se* plaintiffs face unique challenges, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), so the court must view their pleadings and filings "with an understanding eye." *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). To that end, *pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Background

The facts are taken from the complaint and presented in the light most favorable to Mr. Plumley. *Kuebler*, 13 F.4th at 635 – 36.  Only the relevant facts to Officer Kieffer and Officer Short are discussed.[2]

Shortly before midnight, on February 2, 2019, Mr. Plumley crashed his truck in a parking garage in Shelbyville, Indiana. He sustained a broken hand and severe facial injuries. He also was bleeding from his chin.

Officer Kieffer arrived at the scene shortly after. He immediately smelled alcohol, so he conducted several field sobriety tests. Mr. Plumley failed the tests. Officer Kieffer arrested Mr. Plumley for operating a vehicle while intoxicated and took him to the Shelby County Jail. Officer Kieffer did not ask Mr. Plumley if he required any medical attention.

While at the jail, Mr. Plumley began complaining about his injuries. A jail official told Officer Kieffer that the jail could not book and process Mr. Plumley until he received medical attention. Officer Kieffer then took Mr. Plumley to the hospital, where they were later joined by Officer Short.

---

[2] Mr. Plumley has also sued Prudence Shelton and Advanced Correctional Healthcare.

While at the hospital, one of the officers[3] prevented Mr. Plumley from receiving adequate medical treatment.  The medical staff recommended Mr. Plumley's hand be placed in a cast or brace, but the Officer only allowed the medical staff to use a bandage wrap. The medical staff also recommended Mr. Plumley receive stitches for the gash on his chin, but the same Officer said, "no stitches[.]" As a result of the officer's denial of medical treatment, Mr. Plumley experienced pain and a prolonged healing process.

This lawsuit ensued. Mr. Plumley filed the complaint on December 9, 2020. Dkt. 1. Neither Officer Short nor Officer Kieffer were named in the complaint. *See id.* The Court screened the complaint and added Officer John Doe to the caption to account for the unidentified officer. Dkt. 5.

On February 8, 2021,  Mr. Plumley sought discovery to identify the John Doe officer. Dkt. 12. The court granted his request on February 11, 2021. Dkt. 14. Shortly after that, Mr. Plumley asked the court to amend the caption and change "Officer John Doe" to "Officer J. Kieffer." Dkt. 15. Mr. Plumley also sought to add new defendants. *Id.* The court granted this motion, and Mr. Plumley filed an amended complaint on March 31, 2021. Dkt. 18. The amended complaint includes allegations against both Officer Kieffer and Officer Short. *Id.*

Defendants now move to dismiss. Dkt. 36. They contend Mr. Plumley's claims are barred by the statute of limitations. Mr. Plumley has not responded, and the time to respond has long passed.

### III. Discussion

Section 1983 does not contain a statute of limitations, *Eades v. Thompson*, 823 F.2d 1055, 1058 n. 1 (7th Cir. 1987), so "federal courts apply the statue of limitations governing personal

---

[3] Mr. Plumley is not sure which officer because of his "inebriated state[.]" Dkt. 18 at 6.

injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal injury claims."). Indiana's statute of limitations for personal injuries is two years. Ind. Code § 34-1-2-4; *Richards*, 696 F.3d at 637.

Mr. Plumley's claims are simply time-barred. The alleged denial of medical care occurred at the latest on February 3, 2019, dkt. 18, and so Mr. Plumley was required to bring suit no later than February 3, 2021. However, neither officer was sued by then. Officer Kieffer was not substituted as a defendant until March 5, 2021, and Officer Short was not named as a defendant until March 31, 2021. While there are rules that allow late claims to proceed, *see* Fed. R. Civ. P. 15(c); *see Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021), Mr. Plumley has not responded to Defendants' motion or otherwise provided any basis for this court to apply those rules.  On this record, then, the court finds Mr. Plumley's claims are barred by the statute of limitations.

### IV. Conclusion

For those reasons, Mr. Short and Mr. Kieffer's motion to dismiss, dkt. [36], is **GRANTED**. Mr. Plumley's claims against them are **DISMISSED WITH PREJUDICE**. The clerk is directed to remove Mr. Short and Mr. Kieffer as defendants.

**IT IS SO ORDERED.**

Date:   11/5/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

TERRY PLUMLEY
23 Watson Dr
Trafalger, IN 46181

Lisa A. Baron
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
lbaron@khkklaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Jill Esenwein
BLEEKE DILLON CRANDALL ATTORNEYS
jill@bleekedilloncrandall.com

David A. Izzo
SELECTIVE STAFF COUNSEL OF INDIANA
david.izzo@selective.com

Paul B. Johnson
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
pjohnson@khkklaw.com