UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY PLUMLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03168-SEB-TAB |
| | ) |
| J. KIEFFER, | ) |
| PRUDENCE SHELTON, | ) |
| T. SHORT, | ) |
| ADVANCE CORRECTIONAL HEALTHCARE, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Terry Plumley crashed his vehicle in a parking garage in 2019. Mr. Plumley was taken to the hospital and then booked into Shelby County Jail. He remained there for sixteen days. During that time, Mr. Plumley alleges Prudence Shelton and Advance Correctional Healthcare ("Defendants") were deliberately indifferent to his medical needs.

Defendants now move for summary judgment arguing that Mr. Plumley failed to exhaust his administrative remedies by not filing any grievances at Shelby County Jail. Mr. Plumley did not respond. For the reasons that follow, Defendants' motion, dkt. [40], is **granted**.

**I. Legal Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572 – 73 (7th Cir. 2021). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Background

The court presents the facts in the light most favorable to the nonmoving party—in this case Mr. Plumley. *Stark v. Johnson & Johnson*, --- F.4th ----, No. 20-1837, 2021 WL 3732273, at *1 (7th Cir. Aug. 24, 2021). However, because Mr. Plumley failed to respond to Defendants' motion, he has conceded Defendants' version of the facts. *See* S.D. Ind. L.R. 56-1(b); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Shortly before midnight, on February 2, 2019, Mr. Plumley crashed his truck in a parking garage in Shelbyville, Indiana. Dkt. 18, Amended Complaint at 2 – 3. He sustained a broken hand and severe facial injuries. *Id.* at 3. He also was bleeding from his chin. *Id.*

He was transported to the hospital and then booked into Shelby County Jail at around 3:30 a.m. *Id.* at 5. Mr. Plumley stayed incarcerated at Shelby County Jail for sixteen days, from February 3, 2019 through February 19, 2019. Dkt. 41-1, Affidavit of Shana Carrell ¶ 14.

At the time of booking, inmates at Shelby County Jail receive an Inmate Rule Book which spells out the Jail's grievance procedure. Carrell Aff. ¶¶ 6 – 9. The grievance procedure requires an inmate to request a grievance form and pencil from jail staff and then submit the grievance in writing. *Id.* ¶¶ 9 – 10. There is no deadline to file a grievance. *Id.* Mr. Plumley had access to the grievance procedures, and those procedures make clear that no legal action shall be brought until the grievance procedure is completed. *Id.* at ¶¶ 8, 17.

During the sixteen days in Shelby County Jail, Mr. Plumley says he lacked adequate bedding and did not receive Tylenol or a soft food diet for his pain. Complaint ¶¶ 21 – 28. He also contends the condition of his hand worsened, but Prudence Shelton refused to refer him to a medical provider or to a specialist. *Id.* Mr. Plumley never filed a grievance. *Id.* ¶ 16. This lawsuit followed.

### III. Discussion

Defendants argue summary judgment is appropriate because Mr. Plumley failed to exhaust his administrative remedies before suing them in federal court. Specifically, they contend Mr. Plumley did not file any grievances while at Shelby County Jail.

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

On this record, the Court agrees with Defendants. Shelby County Jail has a grievance procedure available to all inmates, and Mr. Plumley did not file any grievances related to his

medical care. Carrell Aff. ¶¶ 9, 17, 18. Mr. Plumley has not designated any evidence in response to Defendants' motion showing otherwise, *see* S.D. Ind. L.R. 56-1(e), and the Court is not required to search the record for potentially relevant evidence. *see* S.D. Ind. L.R. 56-1(h); *see also Lamz,* 321 F.3d at 683. Given the current record, the Court finds Mr. Plumley did not exhaust his administrative remedies before filing suit, and so summary judgment is appropriate.

## IV. Conclusion

For those reasons, Defendants' motion for summary judgment, dkt. [40] is **GRANTED**. Final judgment shall be entered accordingly.

**IT IS SO ORDERED**.

Date:   11/5/2021

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY PLUMLEY
23 Watson Dr
Trafalger, IN 46181

Lisa A. Baron
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
lbaron@khkklaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Jill Esenwein
BLEEKE DILLON CRANDALL ATTORNEYS
jill@bleekedilloncrandall.com

David A. Izzo
SELECTIVE STAFF COUNSEL OF INDIANA
david.izzo@selective.com

Paul B. Johnson
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
pjohnson@khkklaw.com